UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN RUBELSI BARRIOS VELAZQUEZ (A# 221-486-597),

Petitioner,

v.

WARDEN OF THE CALIFORNIA DETENTION CENTER,

Respondent.

No. 1:26-cv-07710 TLN SCR

ORDER

Petitioner, an immigration detainee who is proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the filing fee. By this order, the undersigned will set a schedule for the briefing of the petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent is directed to show cause why the writ should not be granted by filing an answer/return within seven (7) days from the date of this order. See 28 U.S.C. § 2243. Respondent shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application. Respondent shall also address the impacts of Petitioner's July 30, 2026, removal order and pending motion to reopen immigration judge jurisdiction on the current detention authority.[1]

[1] The undersigned takes judicial notice of Petitioner's EOIR Case information, https://acis.eoir.justice.gov/en/caseInformation. See Fed. R. Evid. 201(b)(-(c).

2. Absent a further order of the court, the petition will be taken under submission after the filing of the answer/return.

3. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, Respondent shall not transfer Petitioner to another detention center outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action"). This order does not prohibit the temporary transfer of Petitioner outside of the District for urgent medical care, though Petitioner shall be returned to the District upon the conclusion of such care. As soon as practicable, Respondent shall notify the Court of any such medical transfer.

4. In the event Petitioner obtains an immigration bond and it is paid resulting in release, Petitioner shall inform the court as expeditiously as possible in order to conserve its limited judicial resources. For the same reason, Respondent shall inform the court as expeditiously as possible in the event a travel document is obtained for Petitioner that will result in Petitioner's imminent removal from this country. Either party shall update the court by filing a Notice of Changed Circumstances that informs the court of the particular circumstances that have changed.

DATED: September 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE