UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RUBELSI BARRIOS VELAZQUEZ (A# 221-486-597),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-07710 TLN SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a citizen and national of Guatemala who entered the United States without inspection in November 2020. ECF No. 1 at 8. Immigration and Customs Enforcement ("ICE") encountered Petition in a county jail on February 20, 2026, after his arrest for DUI under Florida Statues § 316.193(1)(a) and fleeing or attempting to elude a law enforcement officer under Florida Statues § 316.1935(1). ECF No. 8-1 at 2 (Form I-213); see also id. at 7-8 (FBI rap sheet). On June 16, 2026, Petitioner was convicted on the latter charge and sentenced to credit for time served (117 days). Id. at 8-9. Prosecutors dismissed the DUI charge. Id.

It appears ICE took Petitioner into custody after the resolution of his criminal case.[1] On July 30, 2026, an immigration judge ("IJ") order Petitioner removed to Mexico pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 6-1. Petitioner waived appeal. Id. at 4. On August 18, 2026, the government moved to reopen removal proceedings after discovering that Petitioner is a native and citizen of Guatemala, not Mexico. ECF No. 6-2. Per Petitioner's EOIR Case Information Page, https://acis.eoir.justice.gov/en/caseInformation, the immigration court granted the motion on October 6, 2026.[2]

Petitioner filed his petition on September 21, 2026, challenging his detention without a custody redetermination hearing under the Immigration and Nationality Act ("INA") (Count Two) and the Due Process Clause of the Fifth Amendment (Count Four). ECF No. 1 at 8. Petitioner, whose work as an "independent worker" provides the main income for his household, states that his detention has caused financial hardship for his wife and minor child. Id. at 7. He seeks release or, in the alternative, a bond hearing before an IJ through which the government must establish by clear and concerning evidence that he is a risk of danger or flight. Id. at 8. Respondent filed an opposition on October 15, 2026. ECF No. 6. Apparently unaware that the immigration court reopened Petitioner's removal proceedings on October 6, 2026, Respondent argues that Petitioner is subject to mandatory, post-removal detention under 8 U.S.C. § 1231(a)(2). Id. at 1. However, Respondent acknowledges that Petitioner's detention would revert to 8 U.S.C. § 1226(a) should the immigration court reopen proceedings and states that they would not oppose the scheduling of a bond hearing at that time. Id. at 2.

## II. Analysis

"Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

---

[1] For example, the government's August 18, 2026, motion to reopen proceedings references a Notice to Appear dated June 26, 2026, that is not a part of the record. ECF No. 6-2 at 2.

[2] The undersigned takes judicial notice of Petitioner's EOIR Case Information Page. See Fed. R. Evid. 201(b)-(c).

It is undisputed that Petitioner, as a noncitizen apprehended in the interior of the United States, was subject to 8 U.S.C. § 1226(a) during his removal proceedings. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). Petitioner's detention shifted to 8 U.S.C. § 1231(a)(2) on July 30, 2026, when he waived appeal of the IJ's order of removal to Mexico. See 8 C.F.R. § 1003.39 ("[T]he decision of the [IJ] becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first[.]"); 8 C.F.R. § 1241.1(b) (order of removal becomes final "[u]pon waiver of appeal by the respondent"). But as Respondent acknowledges, Petitioner's detention reverted to § 1226(a) when the immigration court granted the government's motion to reopen proceedings on October 6, 2026. See Alvarenga Matute v. Wofford, No. 1:25-CV-01206-KES-SKO (HC), 2025 WL 2996577, at *4 (E.D. Cal. Oct. 24, 2025) (noting a successful motion to reopen removal proceedings shifts statutory detention back to § 1226(a)).

Accordingly, Petitioner is subject to the discretionary detention scheme at § 1226(a) and entitled to a bond hearing before an IJ. As Petitioner has yet to receive that entitlement, the undersigned will recommend that the petition be granted on its INA and due process claims and that Respondent be ordered to promptly provide Petitioner with a bond hearing before an IJ.

The Ninth Circuit has held that, generally, allocating the burden of proof to the noncitizen in a generic hearing under 8 U.S.C. § 1226(a) does not violate due process. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1210-12 (9th Cir. 2022). However, the Court did not foreclose that a noncitizen's "individualized circumstances" may warrant additional procedures. Rodriguez Diaz, 53 F.4th at 1213. A well-recognized factor that can require heightened due process protections in this context is financial hardship caused by a noncitizen's detention. See Velasco Lopez v. Decker, 978 F.3d 842, 851 (2d Cir. 2020) (describing "substantial" private liberty interest where petitioner could not maintain employment or caretake for his ill mother). Here, Petitioner maintains that his wife and child are at serious financial risk from the loss of his main household income. ECF No. 1 at 7. The undersigned finds that this circumstance warrants a heightened due process remedy and recommends that the Respondent be ordered to bear the burden of proof at the hearing by clear and convincing evidence. See Burnett v. Lampert, 432 F.3d 996, 999 (9th

Cir. 2005) (federal courts have "a fair amount of flexibility" in fashioning specific habeas relief.).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be GRANTED on Counts Two (Violation of the INA) and Four (Violation of the Due Process Clause).[3]

2. Respondents are ordered to provide Petitioner JONATHAN RUBELSI BARRIOS VELAZQUEZ (A# 221-486-597) with a bond hearing before an immigration judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence, within fourteen (14) days of issuance of any final order in this case, and with at least seven (7) days of advance notice to Petitioner and Petitioner's counsel.

3. Respondents are further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing.

4. If Petitioner is granted release on bond, Respondents shall return all of Petitioner's documents and possessions at the time of release.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

////

////

////

////

[3] In the interests of judicial economy, Petitioner's remaining claims are not addressed herein.

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE